IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| COMMUNITY BANK, | § | |
| --- | --- | --- |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:09-cv-125-TJW |
| | § | |
| BANCINSURE, INC., | § | |
| | § | |
| *Defendant*. | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant BancInsure, Inc.'s ("BancInsure's") motion to dismiss Community Bank's claims pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction (Dkt. No. 5).[1] After carefully considering the facts and arguments presented by the parties and the applicable law, the Court hereby DENIES the motion to dismiss.

## I. BACKGROUND

This case revolves around an insurance coverage dispute between Community Bank involving amounts due, if any, under Community Bank's commercial property policy with BancInsure as a result of property damage allegedly sustained by Community Bank. BancInsure received notice of Community Bank's loss on March 30, 2008. BancInsure provided an adjuster to inspect the loss on April 17, 2008. BancInsure adjusted the loss and tendered payment in the

---

[1] In its response to Defendant's motion to dismiss, Community Bank argues that Defendant BancInsure is in default. Community Bank argues that an answer or appearance was due on August 20, 2009, and that BancInsure filed a Rule 12(b) motion to dismiss on August 21, 2009, and is thus technically in default. The Court finds that Community Bank's request is not a motion for default judgment, and therefore DENIES its request. Further, the Court finds that Defendant BancInsure has made an appearance in this case, has filed a motion to dismiss, and has appeared before this Court for a scheduling conference. Under these circumstances, a finding of default is inappropriate.

amount of $38,450.36, less a $1,000 deductible. Upon receiving the adjuster's assessment of damage, Community Bank protested the amount of loss. A second inspection by Tom Luth of Absolute Air Quality, LLC was made on or about January 9, 2009. A mediation between the parties was held on February 25, 2009. After the mediation, BancInsure made an offer of compromise, which Community Bank deemed inadequate based on the extent of property damage that allegedly occurred. On March 4, 2009, counsel for Community Bank mailed a final demand letter to counsel for BancInsure that offered to resolve the matter and set forth a deadline after which suit would be filed. The deadline for resolution set forth in the letter was March 10, 2009. BancInsure responded to the letter by tendering a check for $28,132.80 on March 9, 2009. The amount tendered was not accepted by Community Bank.

Community Bank filed this lawsuit on April 24, 2009 against BancInsure, seeking to recover property damages in excess of $382,000.[2] On August 24, 2009, Community Bank received a written letter request from a claims adjuster for BancInsure, dated August 19, 2009, attempting to invoke the appraisal process of the underlying commercial policy. The letter from BancInsure's adjuster was the first mention by BancInsure of the appraisal process. During the period of time from March 9, 2009 to August 22, 2009, counsel for Community Bank received no correspondence from BancInsure or its counsel. The portion of the commercial policy relating to the appraisal condition is as follows:

> If we and you disagree on the value of the property or the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge

---

[2] The Complaint alleges breach of contract, violations of the Texas Insurance Code, and violations of the Texas Deceptive Trade Practices and Consumer Protection Act.

of a court having jurisdiction. The appraisers will state separately the value of the property and amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will: a. Pay its chosen appraiser; and b. Bear the other expenses of the appraisal and umpire equally. If there is any appraisal, we will still retain our right to deny the claim.

## II. LEGAL STANDARD

By written motion, a party may move to dismiss a complaint for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). The legal standard for dismissing claims under FED. R. CIV. P. 12 ("Rule 12") is well established. Rule 8(a) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). When reviewing a motion to dismiss, courts look only to the allegations in the complaint to determine whether they are sufficient to survive dismissal. *See Jones v. Bock*, 549 U.S. 199, 215 (2007). A complaint does not need detailed factual allegations to survive a Rule 12(b)(6) motion to dismiss, but the pleader's obligation to state the grounds of entitlement to relief requires "more than labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The factual allegations must be sufficient to raise a "right to relief above the speculative level." *Id.* The Court must assume that the allegations in the complaint are true. *See id.*; *see also Neitzke v. Williams*, 490 U.S. 319, 326 (1989). "What Rule 12(b)(6) does not countenance are dismissals based on a judge's disbelief of a complaint's factual allegations." *Neitzke*, 490 U.S. at 327. "The issue is not whether the plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim." *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999). The Court may not rely on "conclusional allegations or legal conclusions disguised as factual allegations." *Lovick v. Ritemoney, Ltd.*, 378 F.3d 433, 437 (5th

Cir. 2004). "Motions to dismiss under Rule 12(b)(6) are viewed with disfavor and are rarely granted." *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009).

## III. DISCUSSION

Defendant BancInsure argues that Community Bank lacks subject matter jurisdiction because its claims are not ripe, and therefore there is no case or controversy for the Court to decide. Specifically, BancInsure argues that it has invoked the appraisal provision of the commercial policy by letter dated August 19, 2009. BancInsure argues that because the appraisal process will address and resolve the dispute between the parties, there is currently no case or controversy for the Court to decide and any claim asserted by Community Bank under the policy is not ripe. BancInsure argues that it is only after the appraisal process is complete that a claim by Community Bank will become ripe for adjudication. Thus, BancInsure argues that the Court lacks subject matter jurisdiction and the Community Banc's claims against BancInsure must be dismissed. BancInsure argues that it did not waive the appraisal procedure. BancInsure also argues that the appraisal process is a condition precedent to filing suit against BancInsure, and argues that it "was in the middle of adjusting the claim" when Community Bank filed suit.

In response, Community Bank argues that BancInsure has waived its right to invoke the appraisal provision by its conduct inconsistent with invocation of the provision.[3] Community Bank argues that the appraisal clause may be invoked after suit is filed only if the failure to do so earlier has not amounted to waiver. Community Bank argues that the entirety of conduct by BancInsure is inconsistent with the intent of the appraisal provisions and represents a waiver.

---

[3] Community Bank also requests that, if the Court determines that the appraisal provision has been waived, that Tom Luth and Absolute Air Quality, LLC be disqualified from serving as an appraiser. Because that issue has not been fully briefed by the parties and is not properly before the Court, the Court DENIES Community Bank's request.

The Court finds that there is a factual dispute as to whether BancInsure's conduct, in its entirety, is a waiver of the appraisal clause in the parties' commercial policy. The appraisal clause entered into by the parties provides an option for dispute resolution that either party may invoke. An appraisal clause typically "binds the parties to have the extent or amount of the loss determined in a particular way." *State Farm Lloyds v. Johnson*, 290 S.W.3d 886, 895 (Tex. 2009), *quoting In re Allstate County Mut. Ins. Co.*, 85 S.W.3d 193, 195 (Tex. 2002). Like any other contractual provision, appraisal clauses should be enforced. *State Farm*, 290 S.W.3d at 895. An appraisal is typically conducted prior to initiating a lawsuit, and the Texas Supreme Court has stated that it is a condition precedent to suit. *Id.* at 894. However, the appraisal provision may be waived by conduct inconsistent with the invocation of the provision. *Dwyer v. Fidelity National Property & Casualty Ins. Co.,* 565 F.3d 284, 287 (5th Cir. 2009). While an appraisal may be invoked after suit is filed, one may do so only if the failure to invoke the appraisal clause earlier has not amounted to waiver. *Id.* at 288.

Waiver is an affirmative defense that can be successfully maintained against a party who intentionally relinquishes a known right or engages in intentional conduct inconsistent with asserting that right. *Tenneco, Inc. v. Enterprise Prods. Co.*, 925 S.W.2d 640, 643 (Tex. 1996); *Sanchez v. Property and Casualty Ins. Co. of Hartford*, 2010 WL 413687, *4 (Jan. 27, 2010 S. D. Tex. 2010). The appropriate waiver inquiry examines the insurance company's knowledge and action when the insurance company knew the appraisal clause could be invoked and whether the insurance company timely reacted to the knowledge. *See Dwyer*, 565 F.3d at 288. A party's express renunciation of a known right can establish waiver. *Tenneco*, 925 S.W.2d at 643. Silence or inaction, for so long a period as to show an intention to yield the known right, is also

5

enough to prove waiver. *Id.* Waiver can also be established by the following conduct: "a) Parol waiver; (b) refusal to arbitrate: (c) denial of liability; (d) failure to demand arbitration or appraisal; (e) acts inconsistent with intention to arbitrate; (f) appointment of prejudiced appraiser; (g) improper conduct during appraisement." *Sanchez*, 2010 WL 413687, *4-5, *citing American Central Ins. Co. v. Terry*, 26 S.W.2d 162, 166 (Tex. 1930). Waiver is ordinarily a question of fact, but where the facts and circumstances are admitted or clearly established, the question becomes one of law. *Tenneco*, 925 S.W.2d at 643-644. The Court finds that, under the circumstances of this case, there is a factual dispute as to whether BancInsure waived its right to an appraisal under the commercial policy, and therefore DENIES BancInsure's motion to dismiss.

## IV. CONCLUSION

While the Court finds that there is an appraisal clause in the commercial policy between the parties in this case and that such a clause should normally be enforced, the Court finds that, under the circumstances of this case, there is a question of fact as to whether Defendant BancInsure waived its right to seek an appraisal. Thus, the Court hereby DENIES Defendant's motion to dismiss. The Court will allow the parties to file a motion for summary judgment on the issue of waiver, if appropriate, at a later time.

IT IS SO ORDERED.

SIGNED this 22ndday of March, 2010.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE

6